**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DARIUS MALSEN, on behalf of plaintiff and the class defined below, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| RECEIVABLES MANAGEMENT, INC., and MUNICIPAL COLLECTION SERVICES, INC., | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Darius Malsen brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Receivables Management, Inc. ("RMI") and Municipal Collection Services, Inc. ("MCSI").  Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.      The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

3.      This Court has jurisdiction under 28  U.S.C. §§1331, 1337 and 1367.

4.      Venue and personal jurisdiction in this District are proper because:

a.      Defendants' collection communications were received by plaintiff within this District;

b.      Defendants transact business within this District.

### PARTIES

5.      Plaintiff Darius Malsen is an individual who resides in the Northern District of Illinois.

6.      Defendant RMI is an Illinois corporation.  Its registered agent and office

1

are Roger D. Wood, 3348 Ridge Road, Lansing, IL, 60438.  The address is the principal place of business of RMI.  Wood is also the president of RMI.

7.     Defendant MCSI is an Illinois corporation.  Its offices are located at 7330 College Drive, Suite 108, Palos Heights, IL 60463.   Its officers include (a) Frank Regan, President, (b) Matthew Regan, Executive Vice-President/COO, Secretary and registered agent, and (c) Roger D. Wood, Vice-President.  On information and belief, it also does business at 3348 Ridge Road, Lansing, IL 60438.

8.     RMI is engaged in the business of a collection agency.

9.     MCSI is engaged in the business of a collection agency.

10.     On its web site, RMI lists MCSI as a client, and states that MCSI collects debts for 64 municipalities.   (http://www.rmicollect.com/clients.php)

11.     Defendants use the mails and telephone to collect debts originally owed to others.

12.     Many of the debts, including particularly MCSI debts, are for municipal ordinance violations.

## FACTS

13.     Defendants have been attempting to collect from plaintiff an alleged ordinance violation fine.

14.     In April 2010, plaintiff received one or more voicemail messages on his cell phone. The messages stated: "This is MCSI calling representing a Chicago area municipality concerning a municipal violation.  Please return our call at 708-455-4047 between the hours of 8.30 to 5 Monday through Friday.  Thank you."

15.     Although the message contained the name of MCSI, the 708-455-4047 number is issued to defendant RMI.

16.     On information and belief, both defendants are acting jointly in the collection of municipal debts and both are responsible for such communications.

2

17.     On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers either leave an automated message or attempt to connect the recipient with a debt collector.

18.     Plaintiff did not authorize the automated placement of calls to his cell phone.

19.     Plaintiff did not furnish his cell phone number to defendants.

20.     Plaintiff and each class member is entitled to statutory damages.

21.     Defendants violated the TCPA even if their actions were only negligent.

22.     Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

23.     Plaintiff incorporates paragraphs 1-22.

24.     The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

>> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

25.     The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

3

**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

26.     Defendants violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

27.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with numbers in the Illinois area codes 217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872 (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls from either defendant (d) seeking to collect a debt owed for a municipal violation (e) where defendants' records do not show that the person provided the number to defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendants' equipment from an inbound call).

28.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief, based on the nature of the message, the use of automated dialing equipment, the fact that the use of such equipment makes no economic sense unless a large number of calls are placed, and the fact that a municipality which hires defendants to collect debts would hire defendants to collect a large number of debts, not one debt, that there are more than 40 members of the class.

29.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common

questions include:

    a.    Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;

    b.    The manner in which defendants obtained the cell phone numbers;

    c.    Whether defendants thereby violated the TCPA;

30.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

31.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

32.    Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American

Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

   33. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

   WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    (1) Statutory damages;

    (2) An injunction against further violations;

    (3) Costs of suit;

    (4) Such other or further relief as the Court deems just and proper.

         s/ Daniel A. Edelman
         Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
  & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\24545\Pleading\Complaint_Pleading.wpd